IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Anthony Glenn James, | ) |
| Petitioner, | ) Civil Action No. 1:25-cv-11957-TMC |
| vs. | ) |
| Governor Henry McMaster and Sheriff Carl Ritchie, | ) ORDER |
| Respondents. | ) |

Petitioner Anthony James, a pretrial detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the traffic stop that resulted in his arrest, the effectiveness of his counsel during the preliminary hearing, and his bail amount. (ECF Nos. 1, 1-1). For relief, Petitioner asks this court to order his release from incarceration and enjoin Respondents Governor Henry McMaster and Sheriff Carl Ritchie from seeking indictments against him. (ECF No. 1 at 7). Now before the court is the magistrate judge's[1] Report and Recommendation ("Report"), recommending this matter be summarily dismissed. (ECF No. 11). Petitioner filed objections to the Report, (ECF No. 13), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling.

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v.*

*Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

According to the petition, a police officer initiated a traffic stop, alleging Petitioner was unlawfully driving with a broken headlight, that Petitioner's windows were unlawfully tinted, and that Petitioner was speeding. (ECF No. 1). Petitioner disputes each basis provided for the stop and claims the officer committed perjury in telling his account of the events. *Id*. at 6. Petitioner further claims his counsel was ineffective in failing to raise the issues Petitioner identified concerning the stop during the preliminary hearing. *Id*. at 7. Petitioner alleges that, because he is unconstitutionally and illegally incarcerated, "any bail set . . . over zero dollars, is excessive in and of itself." *Id*. Relying on *Younger v. Harris*, 401 U.S. 37 (1971), the magistrate judge recommends this matter be summarily dismissed. (ECF No. 11).

In his objections to the Report, Petitioner claims the magistrate judge took his habeas application "completely out of context." (ECF No. 13 at 1). He reiterates that he is challenging the legality of the underlying traffic stop and that the State relied on the police officer's allegedly false testimony to pursue the charges filed against him. *Id*. Petitioner contends the magistrate judge erred in failing to address whether Petitioner was entitled to effective assistance of counsel at the preliminary hearing, and, if so, whether his counsel was ineffective. *Id*. Additionally, despite not being raised in the petition, Petitioner contends the magistrate judge erred in failing to address: (1) whether the circuit court failed to reschedule the preliminary hearing until petitioner's motion to

relieve counsel was adjudicated; (2) whether Petitioner would suffer irreparable harm if the State's witness is allowed to perjure himself in front of the grand jury; and (3) whether Petitioner's right to a speedy trial has been violated. *Id*. at 2-3. Finally, as to the magistrate judge's reliance on *Younger*, Petitioner argues that this court's refusal to intervene in state court matters "would be signing a blank check for such violations to continue." *Id*. at 3. He maintains throughout his objections that the instant petition is his only adequate remedy to raise these issues. *Id*. at 1-3.

The Fourth Circuit Court of Appeals has set forth the following test to determine when a federal court should abstain from interfering with state criminal proceedings: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Petitioner does not dispute the magistrate judge's finding that there are ongoing state judicial proceedings that implicate important state interests. Petitioner, rather, argues federal court, by way of the instant petition, is the only available avenue for him to challenge the issues raised herein. However, this is not so.

As the magistrate noted in her Report, Petitioner could have challenged the existence of probable cause for his state charges in a preliminary hearing. (ECF No. 11 at 4). Petitioner does not address this finding or make any showing as to why the state court avenues are insufficient to raise his claims set forth in the petition. Instead, he simply reiterates that federal court is his only avenue for relief. After carefully reviewing the record before it in accordance with the appropriate standard set forth above, the court finds Petitioner has failed to establish the necessary circumstances justifying federal court intervention in his state court proceedings. *See Younger*, 401 U.S. at 43-44 (stating "courts of equity should not act, and particularly should not act to restrain a

4

criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief"). *See also Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975) (noting that "[o]nly if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process" and recognizing that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

## CONCLUSION

Accordingly, for the reasons set forth above, the court **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No. 11), and **DISMISSES** this action **with prejudice**.[2]

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability. However, Petitioner is advised that he may seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit pursuant to Rule 22 of the Federal Rules of Appellate Procedure.

---

[2] *See Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (recognizing that "when a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits . . . but instead because the court is denied the equitable discretion ever to reach the merits").

5

**IT IS SO ORDERED.**

                                                    s/Timothy M. Cain  
                                                   Chief United States District Judge

Anderson, South Carolina  
October 30, 2025